STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WADE
2024 OK 76
Case Number: SCBD-7778
Decided: 10/28/2024
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2024 OK 76, __ P.3d __

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CHARLES EDWARD WADE, JR., Respondent.

ORDER APPROVING RESIGNATION
FROM OKLAHOMA BAR ASSOCIATION
PENDING DISCIPLINARY PROCEEDINGS

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association has presented this Court with an application to approve the resignation of Respondent Charles Edward Wade, Jr., OBA No. 9256, from membership in the Oklahoma Bar Association. Respondent requests that he be allowed to relinquish his license to practice law and to resign his bar membership pending disciplinary proceedings, as detailed in his affidavit prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A. As provided in Rule 8.2, RGDP, the Court "may enter an order approving the resignation pending disciplinary proceedings" upon the filing of Respondent's affidavit in this Court.

¶2 Complainant's application and Respondent's affidavit in support of resignation reflect the following:

(1) Respondent was admitted to membership in the Oklahoma Bar Association on August 3, 1965. On September 20, 2024--while the subject of an investigation into allegations of misconduct--Respondent executed his written affidavit of resignation from membership in the Oklahoma Bar Association. Complainant transmitted the affidavit of resignation and filed an application for the Court's order approving Respondent's resignation on October 17, 2024.

(2) Respondent's resignation is freely and voluntarily tendered without coercion or duress. Respondent is fully aware of the legal consequences of submitting his resignation.

(3) Respondent is aware that, on February 20, 2024, the Oklahoma Bar Association opened an investigation based on allegations that he breached his fiduciary duties as trustee of a family trust and misappropriated and converted funds rightfully belonging to the beneficiaries of that family trust. Specifically, in Case No. CJ-2019-605 in the District Court of Cleveland County, State of Oklahoma, the court found Respondent acted in reckless disregard of others and unlawfully misappropriated funds.

(4) Respondent acknowledges that if the investigation results in Complainant filing a formal complaint and the allegations are proven, the allegations concerning his conduct would constitute violations of Rules 8.4(a) and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, Rule 1.3, RGDP, and the Oath of Attorney.

(5) Respondent is aware the burden of proving these violations rests with the OBA; however, Respondent has waived any and all right to contest the OBA allegations resulting from the pending investigation.

(6) Respondent states that he has familiarized himself with Rule 9.1, RGDP, and agrees to comply with all provisions of Rule 9.1 within twenty (20) days following approval of his resignation.

(7) Respondent recognizes that, pursuant to Rule 8.2, RGDP, (a) the decision to approve or disapprove his resignation is in the sole discretion of the Oklahoma Supreme Court; (b) he may only be reinstated to the practice of law after full compliance with the conditions and procedures prescribed by Rule 11, RGDP; and (c) he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the expiration of five (5) years from the date of this Order.

(8) Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the Fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(9) Respondent affirmed that he would surrender his Oklahoma Bar Association membership card to the Office of the General Counsel or destroy it.

(10) Respondent agrees to cooperate with the Office of the General Counsel in the tasks of identifying (a) any active client cases wherein documents and files need to be returned or forwarded to new counsel and (b) any client case where fees or refunds are owed by him.

(11) Respondent acknowledges the Complainant has incurred costs in the investigation of this matter and that he may be responsible for reimbursement of the same upon the filing of an application to assess costs by the Complainant.

(12) Respondent's address appears on the official Bar roster as: 1602 NE Eastlake Dr., Lawton, Oklahoma 73507-4210.

¶3 IT IS THEREFORE ORDERED that the resignation of Charles Edward Wade, Jr. tendered during the pendency of disciplinary proceedings be approved and that his resignation is deemed effective upon the filing of this Order in the Office of the Clerk of the Supreme Court of Oklahoma.

¶4 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and--because an attorney's resignation pending disciplinary proceedings is tantamount to disbarment--he may not apply for reinstatement of his license to practice law (and of his membership in the Bar) before the lapse of five (5) years from the date of this Order.

¶5 IT IS FURTHER ORDERED that Respondent shall comply with all aspects of Rule 9.1, RGDP.

¶6 IT IS FURTHER ORDERED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 28th DAY OF OCTOBER, 2024.

 

/s/Chief Justice

ALL JUSTICES CONCUR